UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEWIS L. STARKEY,

      Plaintiff,

vs.                                                                                  Case No. 13-13786

U.S. BANK NATIONAL ASSOCIATION,                          HON. AVERN COHN
FEDERAL HOME LOAN MORTGAGE
CORPORATION, LASALLE BANK, NA,
n/k/a BANK OF AMERICA, NA,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

      Defendants.

_____/

### MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
### (Doc. 9)
### AND DISMISSING CASE

### I.  Introduction

This is a case challenging a foreclosure following a default on a mortgage.  The

property subject to the mortgage was sold at a foreclosure sale to defendant Federal

Home Loan Mortgage Corporation (Freddie Mac), the redemption period has expired,

and a judgment of possession has been entered in favor of Freddie Mac.  Nevertheless,

plaintiff Lewis Starkey contends he has a right to the property.  Plaintiff is suing U.S.

Bank National Association (US Bank), Freddie Mac, and Mortgage Electronic

Registration Systems (MERS).[1]  The complaint makes the following claims, phrased by

plaintiff as follows:

---

[1]Plaintiff also sued Bank of America, but later dismissed his claims against them.
See Doc. 15.

Count I        Quiet Title Pursuant to MCL 600.2932

Count II       Violation of MCL 600.3205a

Count III      Wrongful Foreclosure, MCL 600.3204(3)

Count IV       Fraudulent Misrepresentation[2]

Count V        Wrongful Foreclosure, MCL 600.3204(1)(d)

Before the Court is U.S. Bank, Freddie Mac and MERS's motion to dismiss under

Fed. R. Civ. P. 12(b)(6)..  For the reasons that follow, the motion will be granted and the

case will be dismissed.

## II.  Background

### A.  The Loan and Mortgage

On September 27, 2007, plaintiff obtained a $87,500 loan from LaSalle Bank,

N.A. (LaSalle Bank) to finance the purchase or real property at 25987 Cathedral street

in Redford, Michigan.  To secure payment of the loan, plaintiff granted a mortgage in

favor of Mortgage Electronic Registration Systems, Inc. (MERS), acting solely as the

nominee for the LaSalle Bank and its successors and assigns.  Plaintiff also executed a

promissory note in favor LaSalle Bank.  On May 14, 2012, MERS assigned the

mortgage to U.S. Bank.

### B.  Default and Foreclosure Proceedings

At some point after obtaining the loan, plaintiff defaulted on the note and

mortgage by failing to make payments.  On May 1, 2012, U.S. Bank informed plaintiff of

his default.  On June 22, 2012, U.S. Bank informed plaintiff of his rights under Mich.

---

[2]Count IV names only Bank of America.  As Bank of America has been
dismissed, this count is DISMISSED.

Comp. Laws § 600.3205a to a loan modification.  Plaintiff did not respond to U.S. Bank regarding possible evaluation for a loan modification.

On July 30, August 6, August 13, and August 20, 2012, notice of the foreclosure sale was published in the Detroit Legal News.  On July 31, 2012, notice of the foreclosure sale was posted on the property.  On August 30, 2012, the property was sold at a foreclosure sale to Freddie Mac for $87,038.56.  The redemption period expired on or about February 28, 2013.  Plaintiff did not redeem the property before the expiration of the redemption period.

## C.  Litigation

Following the redemption period, on March 13, 2013, Freddie Mac initiated eviction proceedings in the 17th District Court for the State of Michigan.  On March 25, 2013, plaintiff, appearing pro se, filed a "Notice of Acceptance to Contract," demanding $100,000 from Freddie Mac within "10 days." The district court set the matter for trial for April 22, 2013.  On April 19, 2013, plaintiff, through an individual named "Chenita Farmer," filed an "Answer and Affirmative Defenses."

On April 22, 2013, the district court entered a judgment of possession by default in favor of Freddie Mac.  The order indicated that Freddie Mac could apply for an order of eviction if plaintiff did not move out on or before May 2, 2013.  On the same day, "Chenita Farmer" filed a "Motion to Dismiss Action; Counterclaim; and Request Via Affidavit for Removal to Circuit Court."  On April 22, 2013, plaintiff filed an appeal of the district court's judgment to the Wayne County Circuit Court; the district court ordered a $200.00 bond on appeal.

On April 29, 2013, plaintiff filed an "Emergency Motion for an Injunction" in the

appeal.  On June 3, 2013, the district court entered an order for plaintiff to escrow

$500.00 per month during the appeal.  On July 9, 2013, the Wayne County Circuit Court

dismissed the appeal.

On August 12, 2013, the district court granted Freddie Mac's motion for eviction.

Meanwhile, on July 8, 2013, plaintiff filed the instant complaint against

defendants in Wayne County Circuit Court.  As noted above, the complaint is in five

counts, four of which are aimed at U.S. Bank, Freddie Mac, and MERS.  Plaintiff

generally alleges that: (1) U.S. Bank refused the offer plaintiff a loan modification; (2)

the assignment from LaSalle Bank, NA to U.S. Bank was invalid; and (3) that Bank of

America fraudulently represented to him that it owned his mortgage.

On August 29, 2013, the state court issued an ex parte temporary restraining

order halting the eviction against plaintiff, to remain in effect until September 12, 2013.

Meanwhile, on September 5, 2013, defendants removed the case to federal court and

later filed the instant motion to dismiss.

### III.  Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests

the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must

assume that the plaintiff's factual allegations are true and determine whether the

complaint states a valid claim for relief.  See Albright v. Oliver, 510 U.S. 266 (1994);

Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule

12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise

a right to relief above the speculative level on the assumption that all of the allegations

in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(internal citations and emphasis omitted).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).  "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 679 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Id.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  Id. (internal quotation marks and citation omitted).  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as

(1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007).  Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiffs' claims.

## IV.  Analysis

### A.  Expiration of the Redemption Period

Before addressing plaintiff's claims as to the foreclosure proceedings, it is undisputed that he failed to exercise her statutory right to redeem the foreclosed property before the six-month statutory redemption period expired.  This fact has significant consequences.

"[U]nder Michigan's foreclosure statute, 'all the right, title and interest which the mortgagor had at the time of the execution of the mortgage' vests in the entity that purchased the foreclosed property in the sheriff's sale after the expiration of the redemption period."  El-Seblani v. IndyMac Mortg. Servs., No. 12-1046, 2013 WL 69226, *3 (6th Cir. Jan. 7, 2013) (quoting M.C.L.§ 600.3236 and citing Piotrowski v. State Land Office Bd., 302 Mich. 179 (1942), as support).  "A strict reading of the statute suggests that once the redemption period expires, the homeowner has no legal interest in the property that litigation might vindicate."  Id.

Michigan courts do, however, "allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he

makes 'a clear showing of fraud, or irregularity' by the defendant." Id. (quoting

Schulthies v. Barron, 16 Mich. App. 246 (1969)). "The misconduct must relate to the

foreclosure procedure itself." Id. "Moreover, because the foreclosure statutes are

intended to create finality and certainty in property rights, an action challenging

foreclosure must be brought 'promptly and without delay.'" Id. (quoting Richard v.

Schneiderman & Sherman, PC, 294 Mich. App. 37 ( 2011), rev'd on other grounds, 490

Mich. 1001 (2012)). Thus, plaintiff can bring an action to challenge the foreclosure

proceedings after the expiration of the redemption period. The scope of relief, however,

is circumscribed, as explained below.

### B. Setting Aside the Foreclosure

To the extent plaintiff says that the foreclosure sale of the property should be

declared void ab initio, the argument is not well-taken. In Kim, the Michigan Supreme

Court held that under Michigan law a failure to comply with the requirements of

Michigan's foreclosure by advertisement statute renders the foreclosure voidable, not

void ab initio. See Kim v. JPMorgan Chase Bank, N.A., 493 Mich. 98, 115–16 (2012)

(reviewing Davenport v. HSBC Bank USA, 739 N.W.2d 383, 384 (Mich. Ct. App. 2007),

the decision the Sixth Circuit relied upon for its contrary holding in Mitan v. Fed. Home

Loan Mortg. Corp., ___ F.3d ___, 2012 WL 6200257 (6th Cir. Dec. 12, 2012), and

holding that "Davenport's holding was contrary to the established precedent of [the

Michigan Supreme] Court."). Thus, under controlling Michigan law, the foreclosure sale

cannot be declared void ab initio. See Savedoff v. Access Group, Inc., 524 F.3d 754,

762 (6th Cir. 2008) (observing that federal courts must follow the decisions of the state's

highest court when applying state law). So, the issue this Court must now address is

whether, under Michigan law, the foreclosure sale on the property is voidable, or could be set aside, on the facts alleged.

The Michigan Supreme Court's decision in Kim instructs on this issue as well. "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [Michigan's foreclosure by advertisement statute]." Id. "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Id. The concurring opinion by Justice Markman provides further guidance "concerning the nature of the 'prejudice' that plaintiffs must demonstrate in order to set aside the foreclosure;" and, in that regard, provides a nonexhaustive list of factors to be considered. Id. at 120–21. These include: (1) "whether plaintiffs were misled into believing that no sale had been had;" (2) "whether plaintiffs act[ed] promptly after [becoming] aware of the facts on which they based their complaint;" (3) "whether plaintiffs made an effort to redeem the property during the redemption period;" (4) "whether plaintiffs were represented by counsel throughout the foreclosure process;" and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property." Id. (Markman, J. concurring) (internal quotation marks and citations omitted).

Applying Kim, plaintiff cannot establish the prejudice required to set aside the foreclosure sale of the property. This is so because none of plaintiff's claims relating to the mortgage and the foreclosure proceedings are viable, as explained below.

### C.  Plaintiff's Claims

### 1.  Count I - Quiet Title

In Count I, plaintiff seeks to quiet title.  This claim fails to state a claim upon which relief may be granted.  In order to properly make a quiet title claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C. § 2409a(d).  These provisions require that plaintiff properly allege her ownership interest in the property.  M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim."  28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."  Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property.  Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Here, plaintiff has not alleged how he has a greater interest in the property than any of the defendants.  Indeed, Freddie Mac is the record owner of the property and exercised its right to possession in a successful eviction action.  These facts demonstrate U.S. Bank's superior interest in the property.  Moreover, plaintiff has not denied that he failed to make timely payments under the note and mortgage.  This militates against quieting title to him.  See Yuille v. American Home Mortgage Serv's. Inc., 483 F. App'x 132, at *2 (6th Cir. May 29, 2012) (finding that a borrowers failure to make timely payments precluded a quiet title claim).  Finally, the Sixth Circuit has held

that a quiet title claim is a remedy, and not a separate cause of action.  Goryoka v.

Quicken Loan, Inc., 2013 WL 1104991, at *3 (6th Cir. March 18, 2013).  Overall, plaintiff

is not entitled to any relief under Count I.

## 2.  Count II - Violation of Loan Modification Statute

In Count II, plaintiff claims a violation of Michigan's loan modification statute,

M.C.L. § 600.3205a.  The Sixth Circuit, however, has held that the loan modification

statute provides a remedy which must be exercised prior to a foreclosure by

advertisement.  See Smith v. Bank of Am. Corp., 485 F. App'x 749, 751 (6th Cir. 2012)

(stating that plaintiff's "appear to have missed the boat regarding the applicability of this

statute which, when triggered, allows plaintiffs to enjoin a foreclosure by advertisement

and convert it to a judicial foreclosure: they brought this action after the foreclosure sale

occurred, and so there is no foreclosure to enjoin or convert."  Id. (citing M.C.L.§

600.3205c).  The holding in Smith is consistent with the opinions of courts in this district

that have considered the issue.  See, e.g., Benford v. CitiMortgage, Inc., 2011 WL

5525942, at *5 (E.D. Mich. Nov. 14, 2011) ("The statute plainly requires the borrower to

seek his remedy prior to the completion of the foreclosure sale, as it merely converts the

proceeding into one of judicial foreclosure.  A borrower may not challenge a completed

foreclosure sale under this statute."); Evan v. BAC Home Loan Servicing LP, 2012 WL

4867753, at *2 (E.D. Mich. Oct. 15, 2012) ("Failure to comply with Mich. Comp. Laws. §

600.3205(a) does not invalidate a Sheriff's Sale."); Smith v. Fannie Mae, 2012 WL

3758087, at *6 (E.D. Mich. Aug. 30, 2012) ("Under 600.3205(c)(1)-(3), [plaintiff] was

required to act before the foreclosure by Sheriff's Sale commenced in order to convert

the proceedings to a judicial foreclosure."); Dingman v. OneWest Bank, FSB, 859 F.

Supp. 2d 912, 922 (E.D. Mich. 2012) ("[A] failure to comply with these statutes would not invalidate a Sheriff's sale.  The statutes include a specific enforcement mechanism that provides the borrowers with an opportunity to request judicial foreclosure if the foreclosing party does not comply with the loan modification provisions.") (citation omitted).  See also Jonathan L. Engman, Challenging the Loan Modification Process Under Michigan's Foreclosure Statute, LACHES, June 2013, at 23.

Thus, because plaintiff failed to exercise his rights under the loan modification statute prior to the foreclosure by advertisement, he cannot plausibly maintain a claim for relief under the loan modification statute.  Count II must be dismissed.

### 3.  Counts III and V - Violation of Michigan's Foreclosure Statute

In Counts III and V, plaintiff alleges defects in the foreclosure process.  In both counts, plaintiff essentially contends that the assignment from MERS to U.S. Bank was invalid because the lender, LaSalle Bank, was not "in existence" and "was merged and/or purchased by" Bank of America at the time the assignment was made.  This assertion is not tenable.

Under Michigan's foreclosure by advertisement statute, a party may foreclose by advertisement, if is "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."  M.C.L. § 600.3204(1)(d).  Furthermore, "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage."  M.C.L. § 600.3204(3).

Here, both conditions existed at the time of the foreclosure by advertisement.

11

U.S. Bank held the mortgage at the time of the foreclosure.  The Michigan Supreme Court has held that a record interest in a mortgage satisfies § 600.3204(1)(d).  See Residential Funding Co. v. Saurman, 490 Mich. 909, 910 (2011).  Furthermore, a record chain of title existed in the Wayne County Register of Deeds evidencing the assignment of the original mortgage from MERS to U.S. Bank.

Even if there was a defect in the assignment, plaintiff has no ability to challenge it.  Under Michigan law, a non-party to a mortgage assignment lacks the standing to challenge its validity unless there is some risk of double-payment on the obligation or the like.  See, e.g., Livonia Property Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 F. App'x 97, 102-03 (6th Cir. 2010) (unpublished).  Plaintiff alleges no reason why he would risk double-payment on the underlying obligation.

Moreover, to the extent that plaintiff alleges a defect in the process because the mortgage and note were "split," this too fails to state a plausible claim for relief.  In Saurman, supra, the Michigan Supreme Court rejected the theory that separating a note from the mortgage extinguishes the right to foreclose. "[T]he security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands."  Id.  See also Leone v. Citigroup, Inc., No. 12-10597, 2012 WL 1564698, at *3 (E.D. Mich. May 2, 2012) (holding that the securitization process does not invalidate or otherwise affect a borrower's obligations under a mortgage.  Indeed, The mortgage itself demonstrates that MERS is the nominee both for the originating lender and its successors and assigns.  Therefore, if the note is sold, there is no "split".  See, e.g., Golliday v. Chase Home Fin., LLC, No. 1:10-cv-532, 2011 WL 4352554, at *7 (W.D. Mich. Aug. 23, 2011).  Therefore, any "note-splitting" argument fails.

In short, defendants complied with §§ 600.3204(1)(d) and 600.3204(3) and

plaintiff otherwise lacks standing to challenge the assignment.  Thus, Counts III and V

fail to state claims upon which relief can be granted.

### V.  Conclusion

For the reasons stated above,[3] plaintiff has not stated a plausible claim for relief

against defendants.  Accordingly, defendants' motion to dismiss is GRANTED.  This

case is DISMISSED.

SO ORDERED.

         s/Avern Cohn
         UNITED STATES DISTRICT JUDGE


Dated:  January 13, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, January 13, 2014, by electronic and/or ordinary mail.


         s/Carol Bethel for Sakne Chami
         Case Manager, (313) 234-5160

---

[3]Defendants also argue that any claim for possession of the property is barred by
res judicata due to the state court eviction action and that plaintiff is barred from any
relief due to unclean hands.  The Court declines to address these arguments, however
well taken they may be, in light of finding that none of the counts of the complaint state
a viable claim for relief.